JAMES S. VERMILLION, Appellant, *v.* GARLAND G. BAILEY, Appellee.

### APPEAL FROM EDGAR.

On a bill filed for a settlement of partnership accounts, where the proofs and statements leave everything in such doubt and uncertainty that it is impossible to do justice, the bill should be dismissed without costs.

On the 17th of April, 1860, complainant filed his bill in chancery in the clerk's office of the Edgar Circuit Court, HARLAN, Judge, presiding, to settle a partnership in regard to the construction and completion of two school-houses; alleging that complainant and defendant were equal partners in the construction and completion of said houses, which were completed in pursuance of the contract with the directors of districts four and five, in townships thirteen and fourteen; and that complainant put into said partnership, beside his labor, for material, board, hauling, etc., $375.56, and received pay for said labor, material, etc., only $356, and that defendant, in materials, labor, board, etc., furnished only $142.75, and received $348.05, and defendant received $135.79 more than his share. Complainant has shown defendant this error, but he insists that he has not drawn over his due, but has made a settlement of all their partnership transactions.

Common prayer for relief, asking that Garland G. Bailey be made defendant to this bill, and that the People's writ issue, which bill is sworn to.

Defendant in his answer alleges, he is wholly unable to state the precise amounts furnished by himself or complainant in material, labor, hauling, boards, etc., but thinks, from his best recollection, that complainant furnished, in all, not over $250. He cannot state the exact amount furnished by himself, only from his best knowledge and recollection; thinks from $250 to $275. Complainant received from said partnership, $565, from his best recollection, and from best recollection he worked one hundred and twenty-five days. Does not believe that complainant worked one-third as much as defendant. That both had hands sometimes, who were paid out of partnership funds and taken into the account in the settlement. That the books were kept by complainant, of their partnership transactions, and he cannot state, from memory, amounts, with precision, as he relied upon complainant to keep the accounts. Cannot say the books were correct or not correct, but the settlement was a final one.

Both their individual and partnership transactions, including a judgment due defendant from complainant, sworn to, May 18, 1860, were considered in settlement.

CONSTABLE & TROGDEN, for Appellant.

A. GREEN, for Appellee.

CATON, C. J. We have never met with a case, in which an attempt was made to prove the state of accounts between the parties, where the evidence was so unsatisfactory. After going carefully through with the testimony of each witness, and endeavoring to deduce something satisfactory from it, we feel utterly lost as to how the balance should be struck. What accounts the parties did keep are not presented, and probably if they were, they would be as uncertain as is the evidence. The defendant has only proved items of credit to the amount of three dollars and ten cents, and yet it was admitted at the settlement, that he had advanced over one hundred dollars. Probably no two accountants would go through with this testimony and strike the same balance. The more the testimony is studied, the more deeply are we impressed with its unsatisfactory character. We cannot resist the conclusion that neither has proved his case, as it really should appear. For instance, Wright swears, that he paid Vermillion & Co.'s order, two hundred and twenty dollars. Who got this money—who drew this order—to what was the money applied? No one can tell, nor is there the least attempt at an explanation. This is but one instance, among many, of the uncertainties arising from the testimony. Repeated attempts to strike a balance, have been abandoned in despair.

In this state of evidence, we have no doubt the court below did the best thing that could be done, by abandoning all attempts to ascertain the rights of the parties from the proof of the accounts, and fell back upon the settlement made by the parties themselves, although with that, we are by no means satisfied. We *fear* there was some mistake in that settlement, and that by it the complainant may have been wronged. That settlement was not pleaded as an estoppel, nor was it designed to be conclusive between the parties, for the right to have any errors corrected, was expressly reserved when the settlement was made.

The settlement was proved by Horshborger, who testified: "I was present at the time referred to (the settlement). I was requested by Vermillion to make their calculations, which was mutually agreed to by both parties. There was about one

hundred and twenty dollars yet due the firm, and according to the settlement, but seventy dollars of that was yet due Vermillion, and fifty dollars to Bailey. That is my best recollection. They both seemed to be satisfied, as far as I could see or know; Bailey seemed very easily satisfied." On cross-examination, he said, " there was some dispute about how the calculation ought to be made; Vermillion put in the largest amount of capital; do not recollect just how the calculation was made; Vermillion put in over three hundred dollars, and Bailey over one hundred dollars." ."We charged Bailey individually, with half the amount Vermillion put in more than Bailey. The settlement was made on that basis, and the proceeds. I was not present when any note was given, I heard no note talked of." Other testimony tends very strongly to show, that a note for about thirty-five dollars, given by Vermillion to Bailey, was given on that settlement.

So far as disclosed by the witness, the principle on which the computation was made for this settlement, was correct, and yet many persons would be likely to fall into grave errors in carrying it out to a final conclusion. There is no class of accounts in which there is so great liability to fall into error, by those not familiar with keeping accounts, as those arising between partners; and we have serious apprehensions that errors may have been committed in the settlement. The truth is, the whole matter was so loosely presented to the court below, that it was impossible to know that by any decision, it was doing complete justice between the parties; and perhaps the safest course was to rely upon the settlement. But in view of the great uncertainty in relation to this whole matter, and the very unsatisfactory character of the determination finally forced upon the court, we think the bill should have been dismissed without costs. We shall therefore reverse so much of the decree as adjudges the complainant to pay costs to the defendant, and affirm the balance, and each party must pay one-half of the costs of this appeal.

*Decree reversed.*